**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **ex rel. DARRYL CONWAY,** ) | |
| ) | **No. 14 C 446** |
| **Petitioner,** ) | |
| ) | **Judge Ronald A. Guzmán** |
| **v.** ) | |
| ) | |
| **RANDY PFISTER,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

Darryl Conway was convicted in state court of first degree murder and sentenced to forty years in prison. He has filed a petition pursuant to 28 U.S.C. § 2254 to vacate his conviction and sentence. For the reasons set forth below, the Court denies the petition.

## Procedural History

In January 2005, Conway was indicted for, among other things, first degree murder of his grandmother, Edris Gilead. (*See* Gov't Ex. P, Indictment at C16-28, *People v. Conway*, No. 05 CR 1259 (Cir. Ct. Cook Cnty.).) Thereafter, defense counsel filed motions to quash the arrest and evidence that was obtained as a result of it and to suppress statements Conway made after his arrest. (*Id.* at Mots. Quash, Suppress Evidence & Statements at C52-60.) The court held hearings on the motions, and denied them. (*See* Gov't Ex. V, 1/22/07 Hr'g Tr. at CC-1-28; Gov't Ex. W, 3/27/07 Hr'g Tr. at EE-1-EE-39; *id.*, 4/23/07 Hr'g Tr. at FF-1-FF-66.) The court also ordered Conway to undergo psychiatric testing, after which he was deemed fit to stand trial. (*See* Gov't Ex. P at C64, Letter from Seltzberg to Gainer (Oct. 2, 2007); Gov't Q at 2-25, 3/2/06 Psychological Summary; *id.*

at 26-37, 4/14-17/06 Psychiatric Summary; *id.* at 95-98, 9/27/07 Psychiatric Summary.) After a bench trial in October 2008, Conway was found guilty of first degree murder. (*See* Gov't Ex. X, 10/9/08 Tr. at XX-16-17.)

He appealed his conviction, arguing that: (1) his motions to quash and suppress should have been granted because the police did not have probable cause to enter his apartment on the day of his arrest; (2) his due process rights were violated because the court relied on doctors' reports rather than holding a hearing to determine his fitness to stand trial; and (3) the court erroneously failed to inquire about the factual basis for his pre-trial complaints that his counsel was ineffective. (*See* Gov't Ex. B, Br. & Arg. Def.-Appellant at 1.) The appellate rejected these arguments and affirmed the conviction. (*See* Gov't Ex. A, *People v. Conway*, No. 1-08-3658 (Ill. App. Ct. Dec. 7, 2011).)

Conway filed a petition for leave to appeal to the supreme court, arguing that: (1) appellate counsel was ineffective for failing to argue that the evidence was insufficient to support the verdict and his statements were give in violation of his *Miranda* rights; (2) his statements to the police should have been suppressed because they were involuntary; (3) trial counsel was ineffective for failing to investigate his alibi defense; (4) he was detained without a probable cause hearing; and (5) the trial court erroneously failed to inquire into his ineffective assistance claims. (*See* Gov't Ex. G, Pet. Leave Appeal.) The supreme court denied the petition. (*See* Gov't Ex. H, *People v. Conway*, No. 113537 (Ill. Mar. 28, 2012).)

While his direct appeal was still pending, Conway filed a petition for post-conviction relief, arguing that: (1) the police did not advise him of his *Miranda* rights before they questioned him; (2) the trial erroneously denied his motions to quash and suppress; (3) the government improperly introduced psychological evidence; and (4) the trial court erroneously failed to inquire into his

2

ineffective assistance claims. (*See* Gov't Ex. R at C70, Order Denying Post-Conviction Pet., *People v. Conway*, No. 05 CR 1259 (Cir. Ct. Cook Cnty. Jan. 18, 2011).) The court denied the petition as "frivolous and patently without merit." (*Id.* at C77.)

Conway appealed the denial of his post-conviction petition, arguing that: (1) the police did not read him his *Miranda* rights before questioning him; (2) his statements were involuntary and should have been suppressed; (3) he was prejudiced by the government's improper use of psychological evidence; and (4) the trial court erroneously failed to inquire into his ineffective assistance claims. (*See* Gov't Ex. I, Mem. Supp. Mot. Leave Withdraw Counsel Appeal at 17; Gov't Ex. J, Pro Se Resp. Mem. Supp. Mot. Leave Withdraw Counsel Appeal.) The Office of the State Appellate Defender was appointed to represent Conway in this appeal, but it asked for leave to withdraw because the appeal was "without arguable merit." (*See* Gov't Ex. R at C81, Order Appointing Counsel, *People v. Conway*, No. 05 CR 1259 (Cir. Ct. Cook Cnty. Feb. 18, 2011); Gov't Ex. I, Mot. Leave Withdraw at 2.) The appellate court granted the motion to withdraw and affirmed the denial of Conway's post-conviction petition. (*See* Gov't Ex. K, *People v. Conway*, No. 1-11-514 (Ill. App. Ct. Oct. 17, 2012).) Conway filed a petition for leave to appeal to the supreme court, arguing that the appellate court's decision was the product of judicial bias against him. (*See* Gov't Ex. L, Pet. Leave Appeal.) The supreme court denied the petition. (*See* Gov't Ex. M, *People v. Conway*, No. 115149 (Ill. Jan. 30, 2013).)

**Discussion**

Conway asserts that he is entitled to § 2254 relief because: (1) the prosecution withheld evidence tending to show that he had not waived his right to counsel; (2) trial and appellate counsel were ineffective because they did not argue that his right to counsel had been violated or that his statements to police were involuntary and should have been suppressed; (3) the trial court erroneously found that his statements were voluntary; (4) he was detained without a probable cause hearing; (5) there was insufficient evidence to support the conviction; and (6) the government's use of his involuntary statements constituted prosecutorial misconduct and malicious prosecution.[1] The Court can reach the merits of these claims only if Conway raised them "through one complete round of state-court review, either on direct appeal or in post-conviction proceedings." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009); *see Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (stating that a complete round of state court review "means that the petitioner must raise each issue at every level in the state court system, including levels at which review is discretionary rather than mandatory.").

The record shows that Conway did not raise claims 1 and 6, regarding withholding of evidence and prosecutorial misconduct, at any stage of the state court proceedings. (*See* Gov't Ex. B, Br. & Arg. Def.-Appellant at 1; Gov't Ex. G, Pet. Leave Appeal; Gov't Ex. I, Mem. Supp. Mot. Leave Withdraw Counsel Appeal; Gov't Ex. J, Pro Se Resp. Mem. Supp. Mot. Leave Withdraw Counsel Appeal; Gov't Ex. R, Order Denying Post-Conviction Pet., *People v. Conway*, No, 05 CR 1259 (Cir. Ct. Cook Cnty. Jan. 18, 2011); Gov't Ex. L, Pet. Leave Appeal.) He raised claim 3, about

---

[1] Conway also asserts actual innocence as a claim. However, as discussed below, actual innocence can be a basis for excusing procedural default but is not itself a § 2254 claim.

4

the voluntariness of his statements, in his post-conviction petition and appeal but not in his petition for leave to appeal to the supreme court. (*See* Gov't Ex. R, Order Denying Post-Conviction Pet., *People v. Conway*, No, 05 CR 1259 (Cir. Ct. Cook Cnty. Jan. 18, 2011); Gov't Ex. I, Mem. Supp. Mot. Leave Withdraw Counsel Appeal; Gov't Ex. J, Pro Se Resp. Mem. Supp. Mot. Leave Withdraw Counsel Appeal; Gov't Ex. L, Pet. Leave Appeal.) Similarly, he raised claims 2, 4 and 5, ineffective assistance of counsel, lack of probable cause hearing and insufficiency of evidence, in his petition for leave to appeal his conviction to the supreme court but not in his direct appeal or during his post-conviction proceedings. (*See* Gov't Ex. B, Br. & Arg. Def.-Appellant at 1; Gov't Ex. G, Pet. Leave Appeal; Gov't Ex. I, Mem. Supp. Mot. Leave Withdraw Counsel Appeal at 17; Gov't Ex. J, Pro Se Resp. Mem. Supp. Mot. Leave Withdraw Counsel Appeal; Gov't Ex. L, Pet. Leave Appeal; Gov't Ex. R, Order Denying Post-Conviction Pet. at 1, *People v. Conway*, No. 05-CR-1259 (Cir. Ct. Cook Cnty. Jan. 18, 2011).) Thus, all of Conway's claims are procedurally defaulted.

The Court can address the merits of these claims, despite the default, if Conway shows cause for and prejudice from having failed to raise them in state court or that he is actually innocent, *i.e.*, "that no reasonable [fact finder] would have found him guilty of [murder] but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026. Because Conway has done neither, the Court cannot review his claims.

**Conclusion**

For the reasons set forth above, the Court denies Conway's 28 U.S.C. § 2254 petition [1]. Moreover, because he has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. This case is terminated and any pending motions are stricken as moot.

**SO ORDERED.**                                              **ENTERED:  September 4, 2014**

**HON. RONALD A. GUZMAN**
**United States District Judge**